UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) |
| JOHN DOE subscriber assigned IP address 98.222.190.17, | ) No. 1:13-cv-00674-LJM-MJD |
| Defendant. | ) |
| ROBERT CHASE, PAMELA CHASE, | ) |
| Interested Partys. | ) |

### ORDER ON MOTION TO QUASH

This matter is before the Court on Robert and Pamela Chase's ("the Chases") motion to quash a third party subpoena. The Court, being duly advised, **DENIES** the motion.

### I.     Background

This is an action for copyright infringement brought against John Doe, known only by the Internet Protocol ("IP") address 98.222.190.17. On April 24, 2013, Plaintiff sought leave from the Court to serve non-party subpoenas on the Internet Service Providers ("ISPs") to discover the identities of the individual(s) associated with the IP address. [Dkt. 4.] This Court granted such

1

leave on May 7, 2013. [Dkt. 8.] On June 26, 2013, the Chases filed the instant motion to quash the subpoena. [Dkt. 11.]

## II. Legal Standard

Under Rule 45 of the Federal Rules of Civil Procedure, a court must quash or modify a subpoena if it fails to allow a reasonable time to comply; requires a person who is neither a party nor a party's officer to travel more than 100 miles; requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A). A court may also quash or modify a subpoena if it requires disclosure of a trade secret, disclosure of an unretained expert's opinion, or a person who is neither a party nor a party's officer to incur substantial expenses to travel more than 100 miles to attend trial. Fed. R. Civ. P. 45(c)(3)(B).

The party seeking to quash a subpoena bears the burden of establishing the subpoena falls within the Rule 45 criteria. *Malibu Media, LLC v. John Does 1-14*, 2012 WL 6115653 (N.D. Ind. 2012).

## III. Discussion

The Chases object to the release of their personal information from the ISP to Plaintiff based on "their research" that Plaintiff is a copyright troll using unethical means for financial gain. [Dkt. 11.] However, they do not point to any evidence to suggest that Plaintiff has engaged in any unethical actions towards them. While the Chases' concerns are noted, without an actual showing of unethical conduct, their assertions are speculative at best. The Court points out that it is aware of similar allegations across the country and has already implemented procedures to protect the integrity of the parties and the legal system. [*See* Dkt. 9.]

In this case, Plaintiff simply wishes to identify the owner of the IP address that it alleges infringed on Plaintiff's copyrighted works. Plaintiff must identify a Defendant. Fed. R. Civ. P. 10(a). The Court found good cause to grant the request to serve the subpoena because it is the only method for Plaintiff to properly identify the defendant(s) and assert its claims. [*See* Dkt. 8 at 1.] Although there is no guarantee the person associated with the IP address is in fact the infringer, "[t]he customer may know who used the Alleged IP Address at issue . . . or lead to any neighbor or other person who may have illegally connected to a customer's wireless technology." *Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 (C.D. Ill. 2012). As this is a discovery issue, Plaintiff is entitled to see this relevant information which is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). As such, this Court finds that the third party subpoenas are proper.

### IV. Conclusion

For the reasons set forth above, Robert and Pamela Chase's motion to quash is hereby **DENIED**.

Date: 09/12/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

ROBERT CHASE
756 Timeless Run
Greenwood, IN 46143

PAMELA CHASE
756 Timeless Run
Greenwood, IN 46143

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
pauljnicoletti@gmail.com

3